UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> J. STANFORD CONTRACTOR SERVICES, LLC, <br><br> Defendants. | Case No. 4:08CV01766 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Leave to Amend Answer [doc. #10]. The Parties appeared before the Court on June 29, 2009 to address this Motion. The Case Management Order states that "[a]ll motions for joinder of additional parties or amendment of pleadings shall be filed no later than **January 30, 2009**." (emphasis in original). The pending Motion was filed on June 18, 2009, after this deadline.

When a party "seeks leave to amend its complaint after the deadline in the applicable case management order has passed, Federal Rule of Civil Procedure 16(b)'s good cause standard applies, not the standard of Rule 15(a)." *Travelers Indem. Co. of America v. Holtzman Properties, L.C.C.*, 2009 WL 485056, at *1 (E.D. Mo. Feb. 26, 2009). While Fed. R. Civ. P. 15(a) liberally permits amended pleadings "when justice so requires," Fed. R. Civ. P. 16 states that scheduling orders "shall not be modified except upon a showing of good cause." *Schenk v. Chavis*, 259 F.App'x 905, 907 (8th Cir. 2008) (citing Fed. R. Civ. P. 15(a) and 16). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). "While the prejudice to the

nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).

Defendant asks the Court for leave to amend its Answer to add two affirmative defenses; (1) accord and satisfaction and (2) estoppel. Defendant's original answer hinted at these defenses, stating that Plaintiffs had issued a full release, "preclud[ing] Plaintiffs from seeking liability against another entity such as [Defendant] for the alleged non-compliance." Defendant states that over the course of discovery they sought more information about this release, and determined that they needed to specifically state these affirmative defenses after they received certain discovery materials in April 2009. As a result, it appears that Defendant has been diligent as they initially indicated these defenses, and sought to formally name these defenses upon receiving this discovery. Defendant has demonstrated the "good cause" that is required by Fed. R. Civ. P. 16.

Next, the Court must consider the prejudice this amendment will cause to Defendants. At the hearing on this Motion, the Parties indicated that Plaintiff would suffer little to no prejudice. Plaintiff indicated that it was possible that no additional discovery would be needed, but requested leave to take an additional deposition or serve additional interrogatories if the need arose. The Court finds that these requests are appropriate, and they will be granted. As the prejudice that would be caused by this amendment is minimal, the Court will grant Defendant leave to file an amended answer.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to Amend Answer [doc. #10] is **GRANTED.** Defendant shall submit an amended answer in accordance with the limitations specified in this order by **Monday, July 6, 2009.**

**IT IS FURTHER ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of good cause:

1. The Parties shall complete all discovery in this case no later than **July 29, 2009.**

2. If Plaintiff finds that additional discovery is necessary, Plaintiffs may conduct one additional deposition and serve Defendants with ten interrogatories.

3. Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

4. The alternative dispute resolution referral shall be extended, and will terminate on August 15, 2009.

5. Any motions to dismiss, motions for summary judgment or motions for judgment on the pleadings must be filed no later than **August 31, 2009.**

Dated this 29th Day of June, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE